UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x   Case Number: 22-35195 [Judge]

In re: Michael Hall

**CHAPTER 13 PLAN**

---------------------------------------------x

☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:

**PART 1: NOTICES**

1.1 **Notice to Debtor(s):** This Form Plan sets out options that may be appropriate in some cases, but the presence of an option on the Form Plan does not indicate that the option is appropriate in your circumstances. To be confirmable, this Plan must comply with the Bankruptcy Code, the Bankruptcy Rules, judicial rulings, and the Local Rules.

☐ By checking this box,
Debtor(s) acknowledges that he/she is not eligible for a discharge pursuant to 11 U.S.C. §1328(f). [Prior Case number:___ petition date:___ discharge date in prior case]

1.2 **Notice to Creditors:** If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.

Amounts stated in allowed claims shall control over this plan, unless otherwise determined by the Court pursuant to Bankruptcy Rule 3012.

This Plan shall be binding upon its confirmation. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one who practices bankruptcy law.

The Bankruptcy Court may confirm this Plan without further notice if no objection is filed. *See* Bankruptcy Rule 3015.

1.3 **Debtor(s) must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked "does not", if both boxes are checked, or no box is checked, the provision will be ineffective if set out later in the Plan.**

In accordance with Bankruptcy Rule 3015.1, this Plan:

☐ does / ☑ does not include any nonstandard provision (See Part 8 herein for any non-standard provision);

☐ does / ☑ does not limit the amount of a secured claim based on valuation of the collateral for the claim (See Part 3 herein);

☐ does / ☑ does not avoid a security interest or lien (See Part 3 herein);

[X] does / ☐ does not request loss mitigation (See Part 8 herein).

**PART 2: PLAN PAYMENTS AND DURATION**

The Debtor(s) shall make 60 monthly payments to the Trustee as follows:

| Payment Amount | Commencing (Month and Year) | Ending (Month and Year) | Number of Months |
|---|---|---|---|
| $450.00 | 5/2022 | 4/2027 | 60 |
| $ | | | |

2.1 Debtor's future earnings are submitted as provided in the Plan to the supervision and control of the Trustee as described above. Debtor(s) will make the first Plan payment no later than thirty [30] days after the date the Petition was filed. All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com. In the event the plan is not feasible, at the end of the case, the Debtor(s) shall be permitted to remit up to $1,000.00 to the Trustee as an additional payment to cure this defect without leave of the Court. Debtor(s) shall be notified of the issue via letter filed on the Court's docket and the Debtor(s) shall have 30 days to remit payment.

2.2 **Income Tax Refunds.**
Unless otherwise ordered by the Court, if general unsecured creditors are paid less than 100%, as provided in Part 6 of this plan, the Debtor(s) shall provide the Trustee with signed copies of their federal and state tax returns filed post-petition, no later than May 15th of the year following the tax period, unless evidence of an extension has been provided to the Trustee, in which case such return shall be provided to the Trustee within 30 days of being filed. All future net tax refunds in excess of $1,500 per tax filer shall be paid to the Trustee for the duration of the Plan upon receipt, however no later than June 15th of the year in which the tax returns are filed.

2.3 **Irregular Payments.** *Check one.*

☐ None. If "None" is checked, the rest of subsection 2.3 need not be completed or reproduced.

☐ Debtor(s) will make irregular payment(s) to the Trustee from other sources, as specified below:

| Source | Estimated Amount | Date of Payment (Anticipated) |
|---|---|---|
| | $ | |
| | $ | |

**PART 3: TREATMENT OF SECURED CLAIMS**

3.1 Maintenance of payments and cure of default, if any.

(a) Post-Petition Payments.

☐ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☑ The Debtor(s) shall pay the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with applicable rules (insert additional rows as needed):

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Property Description (i.e. address or year/make/model) | Current Payment Amount |
|---|---|---|---|---|
| SN Servicing Corp | 8411 | ☑ | 24 Brighton Drive | $2,900.00 |
| Brighton Green Condominium |  | ☑ | 24 Brighton Drive | $296.00 |

**(b) Prepetition Arrearages.**

☐ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

(i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed secured claim and shall have a "0" balance upon entry of the discharge order in this case.

(ii) Information Regarding Prepetition Arrearages (insert additional rows as needed):

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Property Description (i.e. address or year/make/model) | Arrears as of Petition Date | Interest (if any) |
|---|---|---|---|---|---|
| Brighton Green Condominium |  | ☑ | 24 Brighton Drive | $14,000.00 | 0.00% |

**3.2 Surrender** *Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*

☑ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

**3.3 Avoidance of wholly unsecured liens and valuation of security/bifurcation of liens.**
*[Note: Bifurcation is not applicable to Real Property Used as a Principal Residence or property listed under Section 3.1 of this Plan.] Check one.*

☑ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

**3.4 Claims secured by personal property which must be paid in full.** *Check one.*

☑ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

**3.5 Loss Mitigation of Debtor's real property as a principal residence.** *Check one.*

☑ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☐ By checking this box and completing this section, the Debtor(s) shall serve and file a separate request for loss mitigation on proper notice to affected creditors in accordance with Local Rule 9019-2, which governs a court-ordered loss mitigation program, pursuant to which parties may deal with issues such as a loan modification, loan refinance, sale, or surrender in full satisfaction, concerning the Debtor's real property used as a principal residence. Address of the property must match the address listed as the Debtor's residence on the Petition.

| Name of Creditor | Property Address | Last 4 Digits of Account/Lien Number | Amount of Secured Claim |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

*See http://www.nysb.uscourts.gov/loss-mitigation and*
*http://www.nysb.uscourts.gov/sites/default/files/ch13DebtorInstructions.pdf.*

**3.6 Additional provisions relating to Secured Creditors.**
(a) Secured Creditors with a security interest in the Real Property Used as a Principal Residence shall comply with all provisions of Bankruptcy Rule 3002.1.
(b) If relief from the automatic stay is ordered as to any secured claim listed in this Part, then, unless otherwise ordered by the Court, that claim will no longer be treated by the Plan and all payments under this Part of the Plan on such secured claim shall cease.

**PART 4 TREATMENT OF FEES AND PRIORITY CLAIMS**

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations and other unsecured priority claims will be paid in full without post-Petition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the case.

**4.3 Attorney's fees**

Fees and costs exceeding the flat fee shall be paid from funds held by the Trustee as an administrative expense after application to and approval by the Court, pursuant to 11 U.S.C. §330(a)(4) and Bankruptcy Rule 2016 unless otherwise ordered by the Court.
Remainder of flat fee to be paid through Plan, if any: $0.00

**4.4 Unsecured domestic support obligations.** *Check one.*

☑ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☐ Debtor(s) has a domestic support obligation and is current with this obligation and will remain current on this obligation.

☐ Debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. Complete table below.

| Name of Recipient | Arrears as of Petition Date, if any |
|---|---|
|  |  |

**4.5 Other unsecured priority claims, including tax claims**

| Name of Creditor | Arrears as of Petition Date, if any |
|---|---|
|  |  |

**PART 5: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

☑ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

**PART 6: NONPRIORITY, UNSECURED CLAIMS**
6.1 Allowed nonpriority, unsecured claims shall be paid *pro rata* from the balance of payments made under this Plan. *Check one.*
☐ Not less than 100% of the total amount of these claims.
☐ Pro rata from the funds remaining after disbursement have been made to creditors provided for in this plan.

**PART 7: MISCELLANEOUS**
7.1 Post-petition payments including, but not limited to mortgage payments, vehicle payments, real estate taxes, income taxes, and domestic support obligations are to be made directly by the Debtor(s) unless otherwise provided for in the plan.
7.2 Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.
7.3 The Debtor(s) shall not sell, encumber, transfer, or otherwise dispose of any real or personal property with a value of more than $5,000.00 without Court approval.

**PART 8: NONSTANDARD PROVISIONS**
Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provision will be effective only if there is a check in the box "included" in §1.3.

|  |
|---|
|  |

**PART 9: CERTIFICATION AND SIGNATURES**
I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

| /s/ Michael A. Hall | |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Dated: 4/11/2022 | Dated: [Date] |

/s/ Gary Gjertsen
Signature of Attorney for Debtor(s)

Dated: [Date]

By signing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to the pre-approved Form Plan pursuant to Local Rule 3015-1 of the United States Bankruptcy Court for the Southern District of New York and contains no nonstandard provisions other that those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    **AFFIDAVIT OF SERVICE**

Michael A. Hall                                                    Chapter 13 Case No. 22-35195
                Debtor
-------------------------------------------------------X
STATE OF NEW YORK              )
COUNTY OF WESTCHESTER  ) SS:
CITY OF WHITE PLAINS            )

      Jennifer Dugan, being duly sworn deposes and says that she is over 18 years of age, is not a party to this action and resides in Westchester, New York:

      That on this 12th day of April, I served a copy of the Chapter 13 Plan upon the following parties whose names are hereinafter set forth by depositing a true and correct copy of same enclosed in a postpaid wrapper in the Official Depository maintained and exclusively controlled the U.S. Post Office to said parties at the addresses set forth after their respective names, that being the address within the state designated by them for this purpose, to wit:

TO:

Krista M. Preuss, Chapter 13 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

Office of the United States Trustee
US Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

SN Servicing Corp.
Igloo Series 111 Trust
P.O. Box 660820
Dallas, Texas 75266

Brighton Green Condominium
J & J Management
P.O. Box 400
Carmel, NY 10512

_____
Jennifer Dugan

Sworn to before me this
18th day of March, 2022

_____

{01848441 /1}                                                                    1

GARY R. GJERTSEN
Notary Public, State of New York
No. 5003518
Qualified in Westchester County
My Commission Expires October 26, 20__